UNITED STATES DISTRICT COURT
DISTRICT COURT OF MASSACHUSETTS

No.: 19CR10088

UNITED STATES OF AMERICA   )
                           )
                           )
VS.                        )
                           )
                           )
LAUREN M. PERRIN           )

**DEFENDANT'S SENTENCING MEMORANDUM**

I. **INTRODUCTION**

Lauren M. Perrin submits this sentencing memorandum in support of her request that the Court sentence her to a non-guideline sentence of 20 months and two years of supervised release with appropriate treatment. For the reasons outlined below, the defendant submits that the sentence is "sufficient but not greater than necessary" to meet the purposes set forth in 18 U.S.C. section 3553(a)(2). Considering the defendant's personal history, as well as the circumstances of the offense, it is a sentence that reflects the seriousness of the offense, promotes respect for the law, provides just punishment and affords adequate deterrence.

## II. **GUIDELINE SENTENCE**

The defendant submits that this Court must make an individual determination of an appropriate sentence pursuant to 18 U.S.C. section 3553(a). The defendant submits that the guidelines are merely a starting point for the Court to use. In fact, "The Guidelines are only one of the factors... and section 3553(a) directs the judge to consider sentences other than imprisonment." Gall vs. United States, 128 S. Ct. 586, 602 (2007). The district courts are also permitted and directed to consider whether the Sentencing Commission's underlying policy results in a sentence that is unreasonably high. Kimbrough vs. United States, 128 S. Ct. 558 (2007).

The defendant submits that the Court must therefore use the guidelines as a mere starting point in selecting a sentence. The Court must then fashion an appropriate sentence by applying the section 3553(a) factors. The amount by which a sentence deviates from the Guideline range is not the measure of how "reasonable" a sentence is. Reasonableness is determined by the district court's individualized application of the sentencing factors. Defendant submits that, at base, this case involved the pathetic attempts of an addict to feed her addiction. The defendant submits that in applying the section 3553(a) factors to her case a sentence of 20 months and two years supervised release is appropriate.

## III.    **SENTENCING FACTORS**

1.    <u>The nature and circumstances of the offense and the history and characteristics of the defendant.</u>

Ms. Perrin is forty eight years old. She grew up in Tewksbury, Massachusetts and graduated from the Tewksbury Hospital School of Practical Nursing, and received her nursing license in 1995. She has been married and divorced twice, and has two sons, ages 20 and 26. During her career she worked at a variety of hospice and long-term care facilities in the Merrimack Valley and Beverly, Massachusetts. Defendant was working at Maplewood Care and Rehabilitation Center in Amesbury until the incidents that brought her before the court took place. These incidents are a direct result of her addiction to opiates which became problematic in 2015, after being prescribed opiates following foot surgery. That same year she suffered from shingles and was prescribed opiates by her primary care physician, who gave her multiple refills. Her struggles continued from 2015 to 2019.

This Court is well aware that this country is in the throes of an opioid addiction epidemic. The Commonwealth of Massachusetts has been particularly hard hit as in 2014 the fatal overdose rate in Massachusetts was more than double the national average. On March 14, 2016 Governor Baker signed into law "An Act relative to the substance use, treatment,

education, and prevention" in an effort to fight this crisis.

It is precisely people such as Lauren Perrin that the new treatment-focused programs seek to aid. Until she became addicted to opioids as a result of medical treatment, she was a law-abiding citizen and supportive of herself and her family. She has struggled with this addiction for several years. Her struggles only highlight the powerful tentacles of addiction. After completing her sentence, Ms. Perrin wishes to move forward with her life, maintain sobriety, and return to her family. A sentence of 20 months, together with two years supervised release with appropriate drug treatment, will help accomplish this.

2.  <u>The need for the sentence imposed. The defendant acknowledges that the offense for which she stands convicted is a serious offense.</u>

Pursuant to 18 U.S.C. section 3553(a)(2), the Court must impose a sentence sufficient but not greater than necessary, to comply with the purposes set forth in the statute at section 3553(a)(2), i.e., (A) to reflect the seriousness of the offense. To promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes from the defendant; and (D) to provide the defendant with needed education and vocational training, medical care, or other correctional treatment in the most effective manner.

The defendant submits that she has a criminal history score of zero

points, which places her in the lowest criminal history category. As previously mentioned, prior to this incident for this offense, she was a productive member of society. Those in the lowest criminal history category are the least likely of defendants to reoffend. The defendant has voluntarily surrendered her nursing license and will never be allowed to work in this field again. The period of incarceration proposed by the defendant will make a lasting impression on her.

3.   The kinds of sentences available.

As previously mentioned, the defendant submits that a sentence that involves substance abuse treatment would be a sentence consistent with the purpose of treatment.

4.   The kinds of sentence and sentencing guideline established.

The defendant refers the Court to her argument in Section II above and admits that a sentence of 20 months and two years supervised release with appropriate treatment is a reasonable sentence.

5.   The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

The defense has considered the sentences recommended and received by other medical professionals convicted of tampering in this court: United States v. Theresa Torres, 14-cr-40035, United States v. Lea Roberge, 16-cr-40024.

The court imposed sentences for both Ms. Torres (30 months) and Ms. Roberge (20 months).

The defendant submits that <u>Gall</u> and <u>Kimbrough</u> have returned sentencing authority to the judges to fashion an appropriate sentence. In the case at bar, the Court is dealing with a woman who has a long history of being a contributing citizen. The Court is also dealing with a woman with a history of addiction. The defendant had never been previously incarcerated. She is unlikely to reoffend. A sentence of 20 months that includes supervised release with appropriate treatment will satisfy the purposes of sentencing.

IV.    <u>CONCLUSION</u>

The defendant respectfully submits the aforementioned reasons of fact and law that she should be sentenced to a term of 20 months together with supervised release with appropriate treatment.

    Respectfully Submitted,
    Lauren M. Perrin,
    By her attorney,

    <u>/s/ Mark J. McNally</u>
    Mark J. McNally
    McNally Law Office
    300 Brickstone Square
    Suite 201
    Andover, MA 01810

978-684-2847
BBO# 339180

Dated: November 13, 2019